IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

NATIONAL COATINGS & )
SUPPLIES, INC. )
    A corporation )
)
)
       Plaintiff, )
)
vs. )
)
ANDY'S AUTO BODY of ALTON, )
INC., a corporation, )
d/b/a ANDY'S AUTO BODY )
of MARYVILLE, INC., )
)
Serve: )
) Case No.: 3:13-cv-01263-MJR/SCW
    Mr. Mark Anderson )
    3444 East Broadway )
    Alton, IL 62002 )
) **JURY TRIAL DEMANDED**
    and )
)
MARK ANDERSON, an individual, )
)
Serve: )
)
    3444 East Broadway )
    Alton, IL 62002 )
)
       Defendants. )
)
**HOLD FOR SERVICE BY** )
**PROCESS SERVER** )

## COMPLAINT

COMES NOW Plaintiff, National Coatings & Supplies, Inc. (hereinafter sometimes referred to as "National Coatings"), formerly known as CARQUEST

Automotive Finishes, Inc., by and through its attorneys of record, Baker Sterchi Cowden & Rice, L.L.C., and for its cause of action against defendants Andy's Auto Body of Alton, Inc., a corporation, and Andy's Auto Body of Alton, Inc., d/b/a Andy's Auto Body of Maryville, Inc., (hereinafter sometimes jointly referred to as "Andy's Auto Body") and Mark Anderson, an individual, states and alleges as follows:

### FACTS COMMON TO ALL COUNTS

1. National Coatings is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located in the State of North Carolina. At all material times, National Coatings & Supplies, Inc. was authorized to do business in the State of Illinois.

2. National Coatings is the successor to CARQUEST Automotive Finishes, Inc. (hereinafter sometimes referred to as "CARQUEST").

3. Andy's Auto Body of Alton, Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in the State of Illinois. At all material times, it has conducted business in the State of Illinois, both in its own name and under the fictitious name of Andy's Auto Body of Maryville, Inc.

4. Upon information and belief, Mark Anderson is an individual who is a citizen of the State of Illinois and conducts business in the State of Illinois.

5. Mark Anderson is President, sole shareholder and registered agent of Andy's Auto Body of Alton, Inc.

6. Jurisdiction is proper herein pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds $75,000.00, exclusive of interest and costs and the

dispute is between citizens of different states.

7. Venue is proper herein pursuant to 28 U.S.C. § 1391(b)(1) in that one or both defendants reside in this judicial district.

8. On or about October 11, 2007, CARQUEST and Defendants entered into an Agreement (hereinafter sometimes referred to as the "2007 Agreement") pertaining to the purchase by Defendant Andy's Auto Body of all of its paint, and allied products (all supplies other than paint used in its Refinish Operations) exclusively from CARQUEST during the term of the Agreement. (See 2007 Agreement, a copy of which is attached hereto as Exhibit 1 and incorporated by reference as if fully set out herein).

9. The 2007 Agreement was a valid contract.

10. The term of the Agreement was defined as being seven years from August 19, 2005 or until the purchase by Andy's Auto Body of at least Two Million Five Hundred Thousand Dollars ($2,500,000.00) from August 19, 2005, whichever occurred first. (Paragraph 7 of 2007 Agreement).

11. As part of the consideration of the Agreement, CARQUEST loaned to Andy's Auto Body the sum of Two Hundred Fifty-Five Thousand Dollars ($255,000.00). (Paragraph 8).

12. CARQUEST and Andy's Auto Body agreed that if Andy's Auto Body purchased not less than Two Million Five Hundred Thousand Dollars' worth of paint and allied products from CARQUEST during the term of the 2007 Agreement, otherwise performed its obligations under the agreement and was not in breach of the agreement, that Defendants would have no obligation to repay CARQUEST any portion of the loan amount. (Paragraph 9).

13. Pursuant to the 2007 Agreement, Andy's Auto Body agreed that if it failed to purchase all of its paint and allied products from CARQUEST during the term, or failed to purchase at least Two Million Five Hundred Thousand Dollars' worth of paint and allied products during the term or in any other way breached the 2007 Agreement it was obligated to repay all or a prorated amount of the loan. (Paragraph 10).

14. CARQUEST and National Coatings have performed all of their duties and obligations under the 2007 Agreement, including supplying paint and allied products to Andy's Auto Body pursuant to the terms of the 2007 Agreement.

15. Under the terms of the 2007 Agreement, Andy's Auto Body agreed to pay its account current within ten (10) days after receipt of notice. A copy of said Notice is attached hereto as Exhibit 2.

16. Defendant Andy's Auto body has been given notice that the total due on its account is in excess of $19,658.49.

17. Defendants have failed to pay this amount, constituting a breach of the 2007 Agreement.

18. During the term of the 2007 Agreement, Andy's Auto Body purchased from CARQUEST and National Coatings paint and allied products in excess of One Million Two Hundred Fifty Thousand and One Dollars ($1,250,001.00) but less than One Million Eight Hundred Seventy-Five Thousand Dollars ($1,875,000.00), thus obligating Andy's to repay Plaintiff the sum of $127,500.00 pursuant to the 2007 Agreement.

19. Upon information and belief, Defendants have also failed to purchase all of their paint and allied products pursuant to the 2007 Agreement, constituting a third breach.

20. Under the terms of the Agreement, Defendants owe National Coatings an amount in excess of One Hundred Twenty-Seven Thousand Five Hundred Dollars ($127,500.00) due to the failure of Andy's Auto Body to purchase Two Million Five Hundred Thousand Dollars' worth of paint and allied products during the term of the 2007 Agreement.

<b><u>COUNT I AGAINST ALL DEFENDANTS</u></b><br><b><u>SUIT ON ACCOUNT</u></b>

21. Plaintiff realleges and incorporates herein by reference all allegations set forth in the preceding paragraphs.

22. At Defendants' request, CARQUEST furnished certain paint and allied products to Andy's Auto Body between August 19, 2005 and August 2012.

23. Andy's Auto Body currently owes Plaintiff in excess of $19,658.49 for goods on the account.

24. The prices charged to Andy's Auto Body are reasonable.

25. Plaintiff has provided notice to Defendants of their failure to pay and have demanded payment in full from Defendants. See Exhibit 2.

26. Defendants have refused to pay Plaintiff the sum due on the account.

27. As a result of Defendants' refusal to pay the sum due on the account, Plaintiff has been damaged in excess of $19,658.49, together with accrued interest, which remains due to Plaintiff.

WHEREFORE, National Coatings & Supplies, Inc. prays that this Court enter judgment in its favor and against Defendant Andy's Auto Body of Alton, Inc., and Defendant Mark Anderson, in an amount in excess of $19,658.49, the exact amount to be proven at trial, plus incidental damages, costs, expenses, pre-judgment interest and

post-judgment interest, attorneys' fees and such other and further relief to Plaintiff that this Court deems just and proper.

## COUNT II AGAINST ALL DEFENDANTS
## BREACH OF CONTRACT – 2007 AGREEMENT

28. Plaintiff realleges and incorporates herein by reference all allegations set forth in the preceding paragraphs.

29. Defendants have, by and through their conduct as described herein, materially breached contractual obligations owed to Plaintiff, as stated in the 2007 Agreement.

30. In addition, Defendant Andy's Auto Body failed to purchase at least $2,500,000.00 of Paint and Allied Products during the term of the 2007 Agreement. As a result, under the terms of the Agreement, Defendants owed Plaintiff repayment of $127,500.00 of the loan amount.

31. Under the terms of the 2007 Agreement, if Defendants are in breach, they must repay Plaintiff the total amount due on their account and the loan in accordance with the 2007 Agreement.

32. Pursuant to the terms of the 2007 Agreement, Defendants must repay Plaintiff $127,500.00 of the loan amount.

33. Pursuant to the terms of the 2007 Agreement, Defendants are required to pay for goods received from Plaintiff.

34. To date, the goods received by Andy's Auto Body from Plaintiff for which it has not paid is in excess of $19,658.49.

35. Plaintiff performed and satisfied its contractual obligations to Andy's Auto Body and all conditions precedent have been satisfied or have occurred.

36. Plaintiff has been damaged as a result of the breaches by Defendants in excess of $147,158.49.

WHEREFORE, National Coatings & Supplies, Inc. prays that this Court enter judgment in its favor and against Defendant Andy's Auto Body of Alton, Inc., and Defendant Mark Anderson, in an amount in excess of $147,158.49 the exact amount to be proven at trial, plus incidental damages, costs, expenses, pre-judgment interest and post-judgment interest, attorneys' fees and such other and further relief to Plaintiff that this Court deems just and proper.

### COUNT III AGAINST DEFENDANT MARK ANDERSON
### BREACH OF CONTRACT – GUARANTY

37. Plaintiff realleges and incorporates herein by reference all allegations set forth in the preceding paragraphs.

38. On or about October 11, 2007, Defendant Anderson also executed a Guaranty wherein he agreed that if Andy's Auto Body, Inc. did not make all payments as they became due under the 2007 Agreement, or if Andy's Auto Body otherwise breached the 2007 Agreement, Anderson guaranteed that he would perform the obligations and make the payments agreed to by Andy's Auto Body. (See Guaranty, which is attached hereto as the last page of Exhibit 1, and incorporated by reference as if fully set out herein).

39. Pursuant to the terms of the Guaranty, Plaintiff has requested that Defendant Anderson pay the amounts due under the 2007 Agreement.

40. Defendant Anderson has refused to pay the amounts due pursuant to the Guaranty.

41. Therefore, Defendant Anderson has, by and through his conduct as described herein, materially breached contractual obligations stated in the Guaranty owed to Plaintiff. See Exhibit 1.

42. Pursuant to the terms of the 2007 Agreement, Defendant Andy's Auto Body is required to pay for goods received from Plaintiff.

43. To date, the goods received by Defendants from Plaintiff for which they have not paid is in excess of $19,658.49.

44. Plaintiff and CARQUEST performed and satisfied all of their contractual obligations to all Defendants and all conditions precedent as stated in the Guaranty have been satisfied or have occurred.

45. Plaintiff has been damaged as a result of the breaches by Defendants in excess of $147,158.49, in addition to costs and expenses.

WHEREFORE, National Coatings & Supplies, Inc. prays that this Court enter judgment in its favor and against Defendant Mark Anderson, in an amount in excess of $147,158.49), the exact amount to be proven at trial, plus incidental damages, costs, expenses, pre-judgment interest and post-judgment interest, attorneys' fees and such other and further relief to Plaintiff that this Court deems just and proper.

### COUNT IV AGAINST ALL DEFENDANTS
### UNJUST ENRICHMENT

46. Plaintiff realleges and incorporates herein by reference all allegations set forth in the preceding paragraphs.

47. Under the 2007 Agreement, CARQUEST loaned money to Defendants in consideration of Defendants' agreement to purchase all of their paint and allied products pursuant to the 2007 Agreement and in doing so, conferred a benefit on Defendants.

48. CARQUEST also provided paint and allied products to Defendants, and therefore, conferred a further benefit on Defendants.

49. Defendants received and consciously accepted the loan payments and paint and allied products.

50. Defendants have been enriched by the receipt of these benefits.

51. The benefits were not conferred gratuitously or by an interference in the affairs of the Defendants.

52. This enrichment was at the expense of the Plaintiff.

53. Defendants currently owe Plaintiff in excess of $19,658.49 for paint and allied products supplied to it by Plaintiff.

54. It is inequitable for Defendants to accept and to retain the benefit of the paint and allied products supplied without paying Plaintiff for such products.

55. Furthermore, under the terms of the 2007 Agreement, if Andy's Auto Body failed to purchase at least $2,500,000.00 in paint and allied products during the term of the agreement, it owed Plaintiff repayment of a percentage of the loan amount, if Andy's breached the 2007 Agreement in any other way or failed to purchase all of its paint and allied products pursuant to the 2007 Agreement, Defendants were obligated to repay the amount of the loan in accordance with the terms of the 2007 Agreement.

56. Defendants have failed to purchase the minimum amount of paint and allied products under the terms of the 2007 Agreement and by the terms of the 2007 Agreement, their failure to do so requires repayment of $127,500.00 of the loan amount.

57. It is inequitable for Defendants to accept and retain the benefit of the loan when they are in breach of the 2007 Agreement and have failed to purchase a sufficient

dollar amount of paint and allied products pursuant to the 2007 Agreement.

WHEREFORE, National Coatings & Supplies, Inc. prays that this Court enter judgment in its favor and against Defendant Andy's Auto Body of Alton, Inc., and Defendant Mark Anderson, in an amount in excess of $147,158.49, the exact amount to be proven at trial, plus incidental damages, costs, expenses, pre-judgment interest and post-judgment interest, attorneys' fees and such other and further relief to Plaintiff that this Court deems just and proper.

## COUNT V AGAINST ALL DEFENDANTS
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

58. Plaintiff realleges and incorporates herein by reference all allegations set forth in the preceding paragraphs.

59. As parties to the 2007 Agreement, Defendants owed Plaintiff duties of good faith and fair dealing.

60. Defendants acted in bad faith and breached their duties of good faith and fair dealing when they secretly solicited paint and allied products from other entities during the term of the sole supplier 2007 Agreement.

61. Further, Defendants acted in bad faith and breached their duties of good faith and fair dealing when they falsely induced CARQUEST to loan them $250,000.00 and falsely led Plaintiff to believe that they would fulfill the obligations under the 2007 Agreement when, in fact, they did not intend to do so.

62. As a direct and proximate cause of Defendants' breach of their duties of good faith and fair dealing, Plaintiff has suffered substantial harm and damages in excess of $147,158.49.

WHEREFORE, National Coatings & Supplies, Inc. prays that this Court enter judgment in its favor and against Defendant Andy's Auto Body of Alton, Inc., Andy's Auto Body of Alton, Inc. d/b/a Andy's Auto Body of Maryville, Inc. and Defendant Mark Anderson, in an amount in excess of $147,158.49, the exact amount to be proven at trial, plus incidental damages, costs, expenses, pre-judgment interest and post-judgment interest, attorneys' fees and such other and further relief to Plaintiff that this Court deems just and proper.

Respectfully submitted,

**BAKER STERCHI COWDEN & RICE LLC**

*/s/ Peter B. Hoffman*

Peter B. Hoffman, #1238469
Matthew s. Hendricks #6230980
1010 Market Street, Suite 950
St. Louis, Missouri 63101
(314) 231-2925
(314) 231-4857/Facsimile
hoffman@bscr-law.com
hendricks@bscr-law.com

*Attorneys for Plaintiff*